IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BERNICE DEEM,

               Plaintiff,

v.                                     CIVIL ACTION NO.  2:06-cv-00343

BB&T CORPORATION, et al.,

               Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the defendants' motion to dismiss. [Docket 3].  For the following reasons the motion is **GRANTED.**

### I. Background

The plaintiff, Bernice Deem, is a former employee of BB&T's predecessor in interest, One Valley Bancorp, Inc. (One Valley).  She previously settled a gender discrimination claim against One Valley be entering into a settlement agreement. (Complaint ¶ 4).  According to the terms of the settlement agreement, Ms. Deem was "entitled to any severance compensation which is to be paid generally to all other employees in the event of a change in control." (Complaint ¶ 5).  When BB&T acquired One Valley, Ms. Deem was sent a severance check in July 2000.  The calculation and determination of severance benefits available to Ms. Deem were made pursuant to One Valley's "Special Severance Policy" (SSP).  The SSP had an accompanying Summary Plan Description (SPD) that provided employees with details regarding their rights under an ERISA plan such as the SSP. There is no dispute that the SSP is an ERISA plan.  Ms. Deem returned the severance check

without executing it because "she believed it did not accurately reflect severance paid generally to all other employees as provided for in her confidential settlement and release of all claims." (Complaint ¶ 6).

Ms. Deem filed her complaint in the Circuit Court of Kanawha County on April 13, 2006 alleging a breach of contract claim and a gender discrimination claim based on the West Virginia Human Rights Act (WVHRA).  The defendants timely removed the case to this court on May 10, 2006.  The plaintiff filed a motion to remand the case on May 24, 2006.  This court denied the motion to remand July 17, 2006, finding it had subject matter jurisdiction because most if not all of Ms. Deem's claims for relief were completely preempted by Employee Retirement Income Security Act of 1974 (ERISA).

The defendants filed their motion to dismiss on May 11, 2006, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The defendants contend that all of Ms. Deem's claims are completely preempted by ERISA, and that her failure to exhaust the administrative remedies available under the plan divests this court of subject matter jurisdiction over the case.

## II. Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(1), the party asserting jurisdiction has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.*

-2-

To decide a motion to dismiss under Rule 12(b)(6), the allegations of the complaint are taken as true and dismissals are allowed "only in very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989).  Dismissal is proper only when no set of facts can be proven to support the complaint's allegations. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  To make this determination, the court will view the complaint in the light most favorable to the plaintiff.  *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

**III. Discussion**

I begin by looking generally at when ERISA completely preempts state law causes of action. I will then look specifically at the claims in the plaintiff's complaint to determine whether they are completely preempted by ERISA.  If so, I must then determine whether Ms. Deem has failed to exhaust her administrative remedies, and whether this failure deprives the court of jurisdiction.

*A. Complete Preemptive Power of ERISA*

In this case, the defendants argue that each of the plaintiff's three claims are completely preempted by § 502(a) of ERISA and are therefore properly removed to this court.  The Supreme Court recently spoke to the issue of complete preemption under ERISA in *Aetna Health, Inc. v. Davila*, 124 S. Ct. 2488 (2004). I addressed this holding extensively in *Radcliff v. El Paso Corp.*, 377 F. Supp. 2d 558 (S.D. W.Va. 2005). In *Aetna Health*, Justice Thomas, writing for the Court, began by reviewing the "expansive preemption provisions" of ERISA.  *Id*. at 2495.  He noted that the "purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans" and that regulation of those plans was intended to be "exclusively a federal concern."  *Id*. (citations omitted).  In general, "any state-law cause of action that duplicates, supplements, or supplants the

ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Id*.

In specifically addressing the civil enforcement provision of ERISA, Justice Thomas noted that "[t]he preemptive force of ERISA § 502(a) is still stronger," possessing "extraordinary preemptive power" that gives rise to a federal question for purposes of removal jurisdiction. *Id*. at 2496 (citations omitted). He then articulated the Supreme Court's most recent description of the test for determining whether a cause of action is completely preempted by ERISA: "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)." *Id*. Accordingly, when determining whether a cause of action is completely preempted by ERISA, a district court must inquire into the following two factors: (1) whether the plaintiff could have originally brought his cause of action under ERISA's civil enforcement provisions and (2) whether the cause of action involves any independent legal duty on the part of the defendants. *Id*.

The Fourth Circuit has articulated a three-part test, similar to that outlined by the Supreme Court in *Aetna,* to determine whether a particular claim is completely preempted by ERISA. The court must first look to see if the plaintiff had standing to bring an ERISA claim. Second, the claim must fall within the scope of an ERISA provision that can be enforced through § 1132(a). Third, the claim must not be capable of resolution without interpretation of the ERISA governed contract. If all three conditions are met a state law cause of action is completely preempted. *Smith v. Logan*, 363 F. Supp. 2d 804, 809 (E.D. Va. 2004) (citing *Sonoco Products Co. v. Physicians Health Plan, Inc.*, 338 F. 3d 366, 372 (4th Cir. 2003)).

-4-

*B. Complete Preemption of the Plaintiff's Claims*

1. Standing

To determine whether Ms. Deem's claims are preempted by ERISA, I must first decide whether she had standing to bring these claims under ERISA.  A person has standing to bring a claim under ERISA if she is or was a participant in the plan. Congress has defined an ERISA "participant" as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." 29 U.S.C. § 1002(7).  Ms. Deem is a former employee who was eligible to receive, and actually did receive a benefit from the SSP.  Ms. Deem remained a paid employee of One Valley with the employment status of a consultant until August 31, 2007.  She was treated at all times as a participant in the SSP.  Therefore, I **FIND** that she has standing to bring her claims under ERISA.

2. Enforceability under § 502(a) of ERISA

I now look at Ms. Deem's claims individually to determine whether they are enforceable under § 502(a) of ERISA . Ms. Deem brings three claims against the defendants.  She brings a breach of contract claim, a tortious interference with a contract claim, and a gender discrimination claim under WVHRA. Section 502(a) permits a plan participant to bring a civil action to "recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan . . . ."  This civil enforcement provision applies to "claims for benefits, entitlement to which must be determined by passing on the validity, interpretation or applicability of a term of an ERISA plan." *Singh v. Prudential Health Care Plan, Inc.,* 335 F.3d 278, 283 (4th Cir.), *cert. denied*, 540 U.S. 1073 (2003).

a) Breach of contract claim

Ms. Deem first alleges that the defendants breached their contract with her by "failing and refusing to abide by the contractual obligation to the plaintiff to provide her severance as 'paid generally to all other employees.'" (Complaint ¶ 13).  She alleges that she received less compensation than that paid to other employees.  I must determine whether this claim is enforceable under 29 U.S.C. § 1132(a) [ERISA § 502(a)].  The plaintiff's breach of contract claim alleges that she did not receive the benefits due her under the settlement agreement. Whether she received the proper benefits turns on whether they were properly calculated under the SSP.  Therefore, she could bring this claim under § 1132(a), to recover the benefits she believed she is owed under the terms of the plan.

b) Tortious Interference with contract claim

Ms. Deem next alleges that one of the defendants, Phyllis Arnold, participated in and approved of all actions of the defendant BB&T, with the knowledge that these actions were in violation of BB&T's contractual obligation to the plaintiff. (Complaint ¶ 2). To establish a prima facie case of tortious interference the plaintiff must show (1) the existence of a contractual relationship or expectancy; (2) an intentional act of interference by a party outside that relationship; (3) proof that the interference caused the harm sustained; and (4) damages. *Torbett v. Wheeling Dollar Sav. & Trust, Co.*, 314 S.E. 2d 166 (W. Va. 1983).

The plaintiff has shown a contractual relationship existed between herself and BB&T.  Ms. Deem alleges that Ms. Arnold induced BB&T to breach its contractual obligation to her.  This alleged breach is, as described above, that BB&T did not pay her severance at the same rate as paid generally to all other employees.  This allegation is essentially one that her benefits were not

-6-

properly calculated under the SSP.  To prove her tortious interference claim, Ms. Deem would have

to prove that Ms. Arnold induced BB&T to improperly calculate the benefits due her.  This

determination would require an interpretation of the SSP.  The court would have to determine

whether the plan was breached, and whether Ms. Arnold's conduct was improper.  The success of

this claim turns on an interpretation of the SSP.  Therefore, because Ms. Deem could bring an

enforcement action under ERISA for this claim.

> c) WVHRA claim

Ms. Deem alleges that "male employees received severance calculated according to a

formula resulting in approximately twice the severance payment which was tendered to BB&T to

[sic] check tendered to One Valley Bancorp, Inc., to the plaintiff in July of 2000." (Complaint ¶ 7).

Again this allegation centers on the improper calculation of benefits under the SSP.  This is a

challenge to the benefits due her under the plan, and could have been brought as enforcement action

under ERISA.

> 3. Capable of Resolution without Interpretation of the ERISA Plan

Finally, I must decide whether any of the plaintiff's claims concern an independent legal duty

that does not rely on the interpretation of the benefit plan as an essential part of the claim. The

plaintiff relies on *Gresham v. Lumbermen's Mut. Cas. Co.*, 404 F.3d 253 (4th Cir. 2005) to support

her argument that none of her claims are preempted by ERISA, because they concern independent

legal duties.  This reliance, however, is misplaced.

In *Gresham* the Fourth Circuit found that the plaintiff's breach of contract was not preempted

by ERISA.  That case is easily distinguished from the claims made by Ms. Deem.  The employee

agreement at issue in *Gresham* included a severance provision that was separate and distinct from

that offered under the company's general pension plan.  Because this severance provision operated independently of the company's pension plan and contained terms different from that plan, the Fourth Circuit found that it did not relate to the company's ERISA plan, and therefore was not preempted.

In this case, Ms. Deem's severance benefits were to be the same as those granted generally to all employees.  Her allegations focus specifically on whether she received the same severance amount as similarly situated employees covered by the SSP, and challenges the calculation of her package.  She is challenging the amount of her benefit as calculated by the employer.  These calculations were done based on a formula in an ERISA plan. Thus unlike in *Gresham*, Ms. Deem's claims are related to the severance plan. Her claims do not operate independently, as the alleged breaches rely on an interpretation of the SSP to determine how the benefits were calculated generally, and whether they were breached in her particular case. In *Stiltner v. Beretta U.S.A. Corp.*, 74 F.3d 1473, 1480 (4th Cir. 1996) the Fourth Circuit stated that a breach of contract claim was "very likely" preempted by ERISA "because it [sought] to recover benefits of a sort which are already provided by an ERISA plan, even though it [sought] to recover them not from the plan itself but from the employer directly."

The Supreme Court has held that "[a] law 'relates to' an employee benefit plan . . . if it has a connection with or reference to such a plan." *Shaw*, 463 U.S. at 96-97.  "What triggers ERISA preemption is . . . an effect on the primary administrative functions of benefit plans, such as determining an employee's eligibility for a benefit and the amount of that benefit." *Gresham*, 404 F.3d at 258 (quoting *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 146-47 (2d Cir. 1989)).

Ms. Deem's claim is dependent on the terms of the ERISA plan.  All of her claims are predicated on the alleged failure of the defendants to pay her severance compensation as generally paid to all other similarly situated employees.  All her claims are a challenge to the calculation of her benefits and to the amount of benefits she received. The claims contain no independent legal duty.  Therefore, I **FIND** that all of the plaintiff's claims are completely preempted by ERISA.

*C. Exhaustion Requirement*

Having found that all of the plaintiff's claims are completely preempted by ERISA, I must decide whether the claims should be dismissed for failure to exhaust her administrative remedies under ERISA.

Although  ERISA does not explicitly contain an exhaustion requirement, "an ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite" to an ERISA action in federal court for denial of benefits. *Smith v. Syndor*, 184 F.3d 356, 361 (4th Cir. 1999); *Makar v. Health Care Corp.*, 872 F.2d 80, 82 (4th Cir. 1989).  Requiring exhaustion of administrative remedies gives force to a plan's provisions for internal dispute resolution.  *Makar*, 872 F.2d at 83.  This requirement also "enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Id*.

Ms. Deem has not taken advantage of the internal procedures contained in the SSP to challenge the amount of the benefits she received.  The SSP provides for a full and fair review of an employee's challenge to a denial of benefits claim. Ms. Deem has not argued that any attempt to pursue plan remedies would be futile.  Therefore, I **FIND** no exception to the general requirement

that a plaintiff exhaust her administrative remedies under the plan before bringing an ERISA action in federal court.

### IV. Conclusion

I **FIND** that all of the plaintiff's claims are completely preempted by ERISA, and that the plaintiff's administrative remedies have not been exhausted. I therefore **GRANT** the defendant's motion to dismiss, and **ORDER** the plaintiff's claims dismissed without prejudice to allow her to pursue administrative remedies under the plan.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        June 25, 2007

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE